# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LOWRY, | Case No. 09cv1141 BTM (WVG) |
| Plaintiff, | **ORDER RE MOTIONS TO DISMISS** |
| v. | |
| METROPOLITAN TRANSIT, et al., | |
| Defendants. | |

Defendants Metropolitan Transit System (erroneously sued as Metropolitan Transit) ("MTS"), Heritage Security Services (erroneously sued as Heritage Security) ("Heritage"), and Edwin Ambriz have separately moved to dismiss Plaintiff's First Amended Complaint [Docs. 27, 29, 38]. For the following reasons, the Court **GRANTS** MTS's motion to dismiss in its entirety [Doc. 27]. The Court also **GRANTS in part** and **DENIES in part** Heritage's motion [Doc. 29] and Ambriz's motion [Doc. 38].

## I. BACKGROUND

Plaintiff alleges violations of his constitutional rights and several state-law causes of action based on an alleged altercation he had with security officers on a trolley near the Old Town Trolley Station in San Diego. The Court more thoroughly discussed the facts of this case in an order dated March 8, 2010 [Doc. 24]. That order dismissed several of Plaintiff's claims with leave to amend. Plaintiff has filed a First Amended Complaint ("FAC"). The Court resolves the issues raised in the parties' motions as set forth below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

## III. DISCUSSION

### 1. Constitutional Claims Against MTS and Heritage

As discussed in the Court's March 8, 2010 order, Plaintiff appears to allege a claim under 42 U.S.C. § 1983.[1] But MTS and Heritage can only be liable under § 1983 if the violation was the result of either a policy or a failure to train their employees. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

The closest Plaintiff comes to alleging a policy or failure to train is this: "Defendants have intentionally or unintentionally conspired with each other, together as individuals, or

//
//

---

[1] Plaintiff also mentions the Eighth Amendment, but alleges no facts supporting a claim under this amendment.

collectively, to past, present and into the future to violate the civil right of the Plaintiff, under color of law by their past, present and future unguided by any known policies with regard to the enforcement of the peace and/or law enforcement." Although this sentence mentions policies, it does not allege how those policies led to his injuries, or that MTS failed to train its employees.

The constitutional claims against MTS and Heritage are **DISMISSED without prejudice**. Because Plaintiff has successfully pled in a related case that policies and a failure to train led to his injuries, the Court grants him leave to amend.

Plaintiff also alleges a "de facto government civil conspiracy to violate civil rights." This claim is unintelligible, devoid of facts, and the Court dismisses it with leave to amend.

**2.    Constitutional Claim Against Ambriz**

To state a claim under section 1983, a plaintiff must plead "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Construing Plaintiff's allegations liberally, it appears he alleges that his Fourth Amendment rights were violated when Ambriz allegedly assaulted him. Ambriz may have been acting under state law during the alleged incident, so Plaintiff has stated a § 1983 claim against him.

Plaintiff has viable § 1983 actions against Defendants Bobby Salas, who has not moved to dismiss the FAC, and Edwin Ambriz. The Court exercises supplemental jurisdiction over the related state-law claims on this basis. *See* 28 U.S.C. § 1367(a).

**3.    State-Law Claims Against MTS**

Plaintiff again fails to show compliance with the California Government Claims Act ("CGCA"). Under the CGCA, a Plaintiff must first present a written claim to a public entity and wait for the board to act upon it before bringing a claim for money or damages against

that public entity. Cal. Gov. Code § 945.4. A plaintiff's failure to plead compliance with this requirement of the CGCA is cause for dismissal. *See Karim-Panahi*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff already had a chance to cure this deficiency and he did not. All of Plaintiff's state-law claims against MTS are **DISMISSED without prejudice** and without leave to amend for failure to allege compliance with the CGCA. *Chappel*, 232 F.3d at 725–26.

**4.     State-Law Claims Against Heritage and Ambriz**

As an initial matter, Ambriz also argues that because he is a government employee, the CGCA procedures protect him. And because Plaintiff has not complied with the CGCA, the state-law claims against him should be dismissed.

The Court rejects this argument because it is unclear from Plaintiff's allegations whether Ambriz works for MTS, a government agency, or Heritage, a private company. The issue of Ambriz's employer is more appropriate for summary judgment.

A.     <u>Perjury</u>

Plaintiff re-pleads his perjury claim. The Court has already dismissed this claim with prejudice because under California law, there is no civil cause of action for perjury; it is a criminal offense. *Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 472 (1999).

B.     <u>Assault and Battery</u>

To establish a claim for assault, a plaintiff must allege that he was placed into imminent apprehension of a harmful or offensive contact. *See Lowry v. Standard Oil Co. of Cal.*, 63 Cal. App. 2d 1, 7 (1944). To establish a claim for battery, a plaintiff must allege (1) defendant intentionally did an act which resulted in a harmful or offensive contact with plaintiff; (2) without plaintiff's consent; and (3) the harmful or offensive contact caused injury to the plaintiff. *Fluharty v. Fluharty*, 59 Cal. App. 4th 484, 497 (1997).

In the original Complaint, Plaintiff alleged that Ambriz and Salas repeatedly punched

him in the face. In the FAC, his allegations are more minimal. Nevertheless, he alleges that Defendants Salas and Ambriz threatened to cause him injury and committed battery. He alleges that his injuries require surgery. These allegations are sufficient to state a claim against Ambriz.

Regarding Heritage, Plaintiff alleges that Ambriz "is a *private security officer* and/or de facto government agent working for the Metropolitan Transit System" (emphasis added). Heritage is a private security company, and the Court infers that at least one of the security officers may be employees of Heritage. Heritage, therefore, may be liable for the alleged torts of its employees through the doctrine of respondeat superior. *Baptist v. Robinson*, 143 Cal. App. 4th 151, 160 (2006).

Accordingly, the Court **DENIES** Heritage's and Ambriz's Motion to Dismiss the assault and battery claim.

### C. Assault and Battery With Intent to Commit Bodily Injury

Plaintiff cites no authority indicating that this cause of action is an independent tort, separate from his assault and battery claim. He may be fully compensated for his bodily injuries under his cause of action for assault and battery. The Court treats these allegations as one cause of action.

### D. Harassment

The Court has already dismissed this claim because Plaintiff failed to plead the elements of stalking. Plaintiff has not cured the problems with his original pleading. The Court therefore **DISMISSES without prejudice** and with leave to amend this cause of action as against Defendants Heritage and Ambriz.

### E. Theft

To state a claim for theft or conversion under California law, a plaintiff must allege the following elements: (1) the plaintiff's ownership or right to possession of the property; (2) the

defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages. *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003). Conversion is a strict liability tort, and questions of good faith, lack of knowledge, and motive are ordinarily immaterial. *Id.*

Ambriz moves to dismiss this claim because, he argues, Plaintiff failed to state that he stole something from Plaintiff. But Plaintiff alleges that "I seen Ambriz go in my wallet took out my bus pass and put it in his pocket." This allegation is sufficient to state a claim for theft.

Heritage moves to dismiss this claim based on its contention that Plaintiff failed to plead that Ambriz and Salas are its employees. The Court disagrees. The FAC sufficiently states that Ambriz and Salas may be Heritage's employees. Plaintiff has therefore stated a claim for theft against Heritage under the doctrine of *respondeat superior*. *Baptist*, 143 Cal. App. 4th at 160.

### 5. Motion for More Definite Statement

MTS, Heritage, and Ambriz have also moved for a more definite statement. The Court **DENIES** those motions. As to MTS, the motion is moot. And as to Plaintiff's surviving claims, they are not "so vague or ambiguous that [Defendants] cannot prepare a response." Fed. R. Civ. P. 12(e). The factual allegations supporting his surviving claims are reasonably specific and detailed, and give sufficient notice of the nature of Plaintiff's claims.

## IV. CONCLUSION

The Court orders as follows:

(1) The Court **GRANTS** MTS's motion to dismiss in its entirety [Doc. 27]. All the state-law claims against MTS are **DISMISSED without prejudice** and without leave to amend. And the § 1983 claim against it is **DISMISSED without prejudice** and with leave to amend.

(2) The Court **GRANTS in part** and **DENIES in part** Heritage's motion to dismiss

[Doc. 29]. The § 1983 and harassment claims against it are **DISMISSED without prejudice** and with leave to amend, but some state-law claims remain: assault and battery, and theft. The perjury claim is **DISMISSED with prejudice.**

(3) The Court **GRANTS in part** and **DENIES in part** Ambriz's motion to dismiss [Doc. 38]. The perjury claim is **DISMISSED with prejudice.** The harassment claim is **DISMISSED without prejudice** and with leave to amend. The other claims—§ 1983, assault and battery, and theft—remain against Ambriz.

(4) MTS's, Heritage's, and Ambriz's motions for a more definite statement are **DENIED.**

(5) Plaintiff may file a Second Amended Complaint addressing the deficiencies noted in this order. He may not re-plead the perjury claim or the state-law claims against MTS. He may re-plead all other claims. Failure to re-plead a claim in the Second Amended Complaint shall be deemed a waiver of that claim. This is Plaintiff's last chance to plead this case. The Court suggests he should read the orders in this case carefully as he will not be allowed to file another amended complaint to cure the deficiencies in the Second Amended Complaint.

He must file his Second Amended Complaint within fourteen days of the issuance of this order.

**IT IS SO ORDERED.**

DATED: June 14, 2010

Honorable Barry Ted Moskowitz
United States District Judge