# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LOWRY,<br><br>                      Plaintiff,<br>    v.<br><br>METROPOLITAN TRANSIT BOARD MTBS, et al.,<br><br>                      Defendant. | Case Nos. 09cv00882; 09cv00898; 09cv01141 BTM (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT** |

On March 28, 2011, Plaintiff Daryl Lowry filed a five-page document entitled "COMPLAINT- Motion For Summary Judgment against Metropolitan Transit System and Heritage Security" in each of the three above-captioned related cases. (See Dkt. No. 78 in Case No. 09cv00882; Dkt. No. 55 in Case No. 09cv00898; Dkt. No. 66 in Case No. 09cv01141.)  For the reasons set forth below, the Court DENIES Plaintiff's motion in its entirety in each of the above-captioned cases.

## I. Background

These three related cases arise out of three separate encounters between Plaintiff and the various individual defendants occurring on or about San Diego's public transportation system.

### A.     Case No. 09cv00882

Plaintiff's First Amended Complaint in this case alleges that on September 15, 2007, trolley security officers Jerrod Gressett and Torrence Joseph committed constitutional and state-law violations during the course of an altercation with Plaintiff as he exited the "929 bus" at "12th and Imperial." (See Order Granting in Part and Denying in Part Motions to Dismiss, No. 09cv00882, Dkt. No. 55 at 1-2.) Plaintiff's First Amended Complaint raised eight separate constitutional and state law causes of action against Defendants Metropolitan Transit System ("MTS") (erroneously sued as Metropolitan Transit Board MTBS), Heritage Security Services ("Heritage"), Torrence Joseph, and Jerrod Gressett. (See Dkt. No. 36.) The Court granted in part motions to dismiss filed by certain Defendants. (See Dkt. No. 55.) Plaintiff's surviving claims in this case are his 42 U.S.C. § 1983 claims against the individual defendants and his state-law claims for assault and battery, false imprisonment and false arrest against Heritage and the individual defendants. (See Dkt. No. 55.)

### B.     Case No. 09cv00898

In this case, Plaintiff claims violations of his constitutional rights and several state-law causes of action based on an alleged altercation with security officers at the Old Town Trolley Station in San Diego on July 3, 2008. Surviving the motions to dismiss filed by MTS and Heritage are Plaintiff's 42 U.S.C. § 1983 claims against MTS and Heritage, and his assault and battery, false imprisonment and false arrest claim against Heritage. (See Order re Motions to Dismiss, No. 09cv00898, Dkt. No. 37.) Torrence Joseph, a named defendant in this case, appears never to have been served.

### C.     Case No. 09cv01141

This case arises out of claimed violations of Plaintiff's constitutional and state-law rights during an alleged altercation with security officers Edwin Ambriz and Bobby Salas on a trolley near the Old Town Trolley Station in San Diego on April 15, 2009. Plaintiff's remaining claims in this case are his 42 U.S.C. § 1983 claims against Defendants Ambriz

and Salas, and Plaintiff's assault and battery and theft claims against Defendants Heritage, Ambriz, and Salas.[1]  (See Order re Motions to Dismiss, No. 09cv01141, Dkt. No. 41; Order re Motions to Dismiss, No. 09cv01141, Dkt. No. 48.)

## II.  Discussion

Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Federal Rule of Civil Procedure 56(c)(1) requires that the party seeking summary judgment must support its factual position by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ."  This Court may "only consider admissible evidence in ruling on a motion for summary judgment."  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Civ. P. 56(e)).  Plaintiff has wholly failed to introduce admissible evidence in support of his position.  Rather, Plaintiff's motion contains conclusory, unsworn allegations and hearsay statements, including, for example:

1. "There was no crime ever committed at anytime by me, nor was the District Attorney's of [sic] ever informed that there was ever a crime committed by me." (Dkt. No. 78 at 2.)
2. "Roger Bingham states that there [sic] waiting for blood alcohol test from San Diego Police Department which they do not have[.]" (Id.)

//
//
//
//

---

[1] It is unclear whether Defendant Salas has been served.  (See Dkt. No. 33.)

3. "On Tuesday March 15, 2011 at 5:30 pm Sam Sherman of Fletcher, Higgs, & Mack called me he told me that I signed citations in all 4 cases in which I never signed any Citation at all at anytime forgery was committed by Jerrod Gressett and his accomplice Torrence Joseph in which that was not my signature[.]" (Id. at 3.)

Plaintiff's failure to direct the Court to any admissible evidence proving the absence of a dispute as to any material fact in this case renders Plaintiff unable to meet his burden on summary judgment. The Court therefore DENIES Plaintiff's motion for summary judgment. See Fed. R. Civ. P. 56(e) in each of the above-captioned cases.[2]

**IT IS SO ORDERED.**

DATED: March 12, 2012

*[signature]*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[2] (See Dkt. No. 78 in Case No. 09cv00882; Dkt. No. 55 in Case No. 09cv00898; Dkt. No. 66 in Case No. 09cv01141.)